```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

BRUCE OAKLEY, INC.                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 5:15-cv-57(DCB)(MTP)

VIDALIA DOCK & STORAGE COMPANY                                  DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on defendant Vidalia Dock & Storage Company ("Vidalia Dock")'s Motion to Transfer Venue **(docket entry 17)**. Having carefully considered the motion and the plaintiff's response, as well as the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

On July 3, 2014, Cameron Evans ("Evans"), a resident citizen of Wilkinson County, Mississippi, filed a Seaman's Complaint under the Jones Act and general maritime law against his employer, Vidalia Dock, in the United States District Court for the Western District of Louisiana, Alexandria Division, cause no. 1:14-cv-2255(DDD)(JDK). Vidalia Dock is a corporation authorized to do and doing business in the State of Louisiana. The Complaint alleges negligence on the part of Vidalia Dock concerning an incident on May 14, 2014, resulting in injuries and damages to Evans. Evans also seeks maintenance and cure.

On April 22, 2015, Vidalia Dock brought third-party claims in the Louisiana action against Oakley (owner of the Oakley Barge BOI

227 ("BOI 227")), on which Evans was working at the direction of his employer) and the Natchez-Adams County Port ("Natchez Port"). Oakley filed a Rule 12(b)(6) Motion to Dismiss.  The Louisiana District Court granted the motion only partially, i.e. it dismissed Vidalia Dock's third-party unseaworthiness claim against Oakley, but declined to address Vidalia Dock's third-party negligence claim against Oakley.  Vidalia Dock appealed the district court's dismissal of its unseaworthiness claim to the Fifth Circuit Court of Appeals, where it is still pending.[1]

On June 24, 2015, Oakley filed a Complaint against Vidalia Dock in this Court, alleging $730,000 in damages to the BOI 227 as a result of the May 14, 2014 incident.  On October 19, 2015, Oakley filed an Amended Complaint naming Natchez Port as a defendant.

Vidalia Dock urges the Court to transfer this action to the Western Division of Louisiana, Alexandria Division, on grounds of judicial economy and comity, as well as the "first to file" rule promulgated by the Fifth Circuit.  See Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947 (5th Cir. 1997).  In order for the "first to file" rule to apply, it is not necessary that the lawsuits be identical.  Instead,

> The crucial inquiry is one of 'substantial overlap':

---

[1] Oakley has since filed a second Rule 12(b)(6) Motion to Dismiss the negligence claim.  The Louisiana district court has advised the parties that it will not rule on Oakley's motion to dismiss Vidalia Dock's third-party negligence claim until the Court of Appeals has rendered its decision.

> Once the likelihood of substantial overlap between the two suits had been demonstrated, it was no longer up to the court in Texas to resolve the question of whether both should be allowed to proceed. By virtue of its prior jurisdiction over the common subject matter and its injunction of suit involving that subject matter in Texas, the ultimate determination of whether there actually was a substantial overlap requiring consolidation of the two suits in New York belonged to the United States District Court in New York.
>
> Mann Mfg., 439 F.2d at 408. "Regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in ... the jurisdiction first seized of the issues." Id. at 408 n.6; see also TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996).

Id. at 950-51.

The Louisiana case was filed almost a year prior to the Mississippi suit, and discovery in the Louisiana court has been ongoing. The parties to the two suits are the same, with the exception that the Louisiana suit also has a personal injury plaintiff. Vidalia Dock has filed a Third-Party Demand against Oakley and Natchez Port, and Natchez Port has filed a Counterclaim against Vidalia Dock. Transfer of the present case to Louisiana for consolidation will promote judicial economy, and will prevent duplication of work and effort as well as attorney's fees and costs. Transfer of this case to Louisiana will promote comity, avoid piecemeal litigation, and will prevent inconsistencies in rulings from separate courts on the same facts and issues. Most importantly, the Louisiana court has already ruled on the unseaworthiness issue, and the issue is now before the Fifth

Circuit. The Louisiana court has also denied a Rule 12(B)(6) motion brought by Natchez Port regarding Vidalia Dock's negligence claim against it, and that claim is still pending before the Louisiana court. The Louisiana litigation is therefore much further along than the case before this Court, and integral issues regarding fault and liability have already been ruled upon in that court. Thus there is substantial overlap between the two suits, including issues of liability, unseaworthiness, negligence, and apportionment of fault.

Additionally, the Court finds that the case before this Court should be transferred to the Western District of Louisiana, Alexandria Division, because Oakley's Complaint is a Compulsory Counterclaim that must be included in the Louisiana litigation. Federal Rule of Civil Procedure 13(a) provides:

> (1) ... A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
>
> A. arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> B. does not require adding another party over whom the court cannot acquire jurisdiction.

Fed.R.Civ.P. 13(a)(1)(A)-(B).

Oakley's claim in the Mississippi suit arises out of the same transaction or occurrence that is the subject matter of Vidalia Dock's Third-Party Demand against Oakley in the Louisiana suit, and does not require adding another party over whom the Louisiana court

4

cannot acquire jurisdiction. Natchez Port filed its own Counterclaim in response to Vidalia Dock's Third-Party Demand in the Louisiana suit. Oakley's Mississippi Complaint also constitutes a Compulsory Counterclaim that must be included in Oakley's pleadings in the Louisiana court, and it does not meet the exceptions to the definition of a Compulsory Counterclaim found in Federal Rule of Civil Procedure 13(a)(2).

Oakley asserts that it made its decision to file the Mississippi suit based on its belief that Natchez Port would raise the 90-day notice provision of Miss. Code Ann. § 11-46-11. However, Natchez Port did not raise the defense in the Louisiana suit, and has not raised it in the Mississippi suit. See Answer and Crossclaim (docket entry 8). In addition, Natchez Port's Answer in the Louisiana litigation contains a Crossclaim against Vidalia Dock, seeking indemnification from Vidalia Dock for the exact damages sought by Oakley in the Mississippi suit. See Answer and Crossclaim (Case No. 1:14-cv-2255, Western District of Louisiana, Document 52). Thus, Natchez Port has likely waived the 90-day notice provision.

Finally, the Court finds that if this case is transferred to Louisiana, and if the Louisiana trial court's dismissal of Vidalia Dock's unseaworthiness claim against Oakley is affirmed by the Fifth Circuit, this would not result in dismissal of Vidalia Dock's property damage claim against Oakley. Regardless of the Fifth

Circuit's decision on the unseaworthiness claim, Oakley's property damage claim regarding the BOI 227 would still be a viable controversy in the Louisiana court.

The Court therefore finds that although it has subject matter jurisdiction and is also a proper venue for this action, the Court has discretion to transfer this case to the United States District Court for the Western District of Louisiana, Alexandria Division, on grounds of judicial economy and comity, as well as the "first to file" rule promulgated by the Fifth Circuit.

Accordingly,

IT IS HEREBY ORDERED that defendant Vidalia Dock & Storage Company's Motion to Transfer Venue **(docket entry 17)** is GRANTED.

A separate Order of Transfer shall issue this day.

SO ORDERED, this the 26th day of September, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE